SCHNEIDER, Appellant, vs. KNICKERBOCKER ICE COMPANY
and others, Respondents.

*September 9—September 29, 1903.*

*Railroads: Conveyance: Construction: Right of way as "located":*
*Spur track to warehouse.*

1. A conveyance to a railway company of a right of way "as now
   located, to the terminus of the road," on, over, and along cer-
   tain land, may be construed as conveying no title beyond the
   point on said land to which the right of way had been legally
   located by surveying and staking out the center line thereof
   for the purpose of constructing and operating the road, as re-
   quired by sec. 1846, Stats. 1898, even though, for the con-
   venience of the grantor, the company had, before such convey-
   ance, extended, or permitted the grantor to extend, a spur
   track beyond the terminus to which the right of way had
   been so legally located.

2. Where in such a case the grantee company afterwards removed a part of said extension of the spur track, as being upon a strip of land not acquired by it for right of way purposes, and its successor in title makes no claim to such strip, but acquiesces in the owner's claim that there is no right of way over it, the owner of a warehouse on an adjoining tract has no right under sec. 1802, Stats. 1898, to build or maintain a track over such strip to connect his warehouse with the spur track.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Affirmed.*

Action to restrain defendants from removing a spur railway track, constructed by plaintiff, from certain lands where it was connected with the railway system of the defendant railway company to permit the moving of cars from such system to and from plaintiff's icehouse situated some distance from the terminal grounds of such railway company, and to establish his right to have such connection maintained, and to enjoy, by means thereof, the benefits of sec. 1802, Stats. 1898.

There is no bill of exceptions. The findings indicate the issues made by the pleadings and litigated. They are in substance and effect as follows: In and prior to December, 1899, the North Lakes Wisconsin Ice Company owned a tract of land in section 16, town 28, range 17 east, in Waukesha county, Wisconsin, bounded on the westerly side by the west line of such section. During the period mentioned the Milwaukee & Superior Railway Company, without having acquired a right of way over such land, surveyed, laid out, and established a center line therefor, traversing the same in an easterly and westerly direction, the westerly terminus being 100 feet east of the westerly boundary thereof, and occupied such right of way with its railway track, and subsequently extended such track, or permitted the same to be done by said ice company for the purpose of accommodating the latter in its business of dealing in ice, so that on December 1st, aforesaid, the westerly end of the track was about forty feet west

of said section line and on section 17. On said day said ice-
company conveyed to the railway company a right of way on
said section 16, describing the same as one fifty feet wide as
now located to the terminus of the road. August 14th there-
after plaintiff acquired an undivided half interest in a right
of way fifty feet wide for a railway track in said section 17,
connecting a place of business to be operated by him with the
easterly boundary line of said section where defendant's rail-
way track crossed the same. Subsequently the president and
general manager of such railway company caused its track
in said section and the westerly twenty feet thereof in sec-
tion 16 to be removed, believing that portion to be upon lands
not acquired by it for right of way purposes. A day or two
thereafter said company conveyed its property, including
whatever right it possessed to maintain a railway track upon
its right of way in said section 16, to the defendant railway
company. In September, 1901, plaintiff, at his own expense,
constructed a spur track from the terminus of said track east
of the line between sections 16 and 17, in a westerly direc-
tion to his icehouse in section 17, traversing the right of way
in said section 17 of which he was part owner as aforesaid.
He connected his track in section 16 with the defendant rail-
way company's track. Immediately thereafter the defendant
*Knickerbocker Ice Company* and the defendant *John Field*
threatened to remove all that portion of plaintiff's track in
section 16, and they intended so to do. To prevent such re-
moval this action was commenced. The defendant railway
company made no effort to disturb the situation created by
plaintiff in any way. Plaintiff, at the time of the commence-
ment of the action, was willing to comply with sec. 1802
aforesaid, and claimed the benefits thereof, and that he was
the owner of a warehouse coming within its provisions, which
he was entitled to reach from defendant railway company's
track by a spur track connected therewith. Defendant *John
Field*, at the time of the threatened removal as aforesaid,

owned the land in section 16 upon which the plaintiff constructed his track, subject to any rights the defendant railway company had therein. He denied that it possessed any such rights, and his position was acquiesced in by said company. Prior to the conveyance to said company its grantor, by the president and general manager thereof, promised plaintiff to extend its spur track to an icehouse to be erected by him in section 17, entitling him to enjoy the use of a railway connection between his icehouse and the railway system of such grantee, provided he conveyed the right of way for such track to said grantee and agreed to furnish it with a certain amount of freight; but no such conveyance or agreement was ever made; neither did the defendant railway company, at the time it purchased the property, have any notice of the existence of such promise. The terminus of said company's main line is about one mile from the point in dispute. It is reached by a spur track. Neither said company's yard nor terminal limits reaches to or includes the location of plaintiff's icehouse.

Upon such facts the conclusion was reached that the defendants were entitled to a judgment dismissing the plaintiff's complaint with costs.

*J. E. Wildish,* for the appellant.

For the respondents *Knickerbocker Ice Company, Wisconsin Lakes Ice & Cartage Company,* and *John Field,* there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan.*

*C. H. Van Alstine,* counsel, for the respondent *Chicago, Milwaukee & St. Paul Railway Company.*

MARSHALL, J. But one question discussed in the briefs of counsel need be considered in deciding this case. We see no way of escape from the decision of the trial court that the place where appellant insists upon maintaining his track and connecting it with that of the respondent railway company is

on premises owned neither by him nor such company, nor in which either owns a right of way. Appellant's counsel concedes, if that decision stands, that the judgment must be affirmed.

It is claimed that the railway company in fact owned a right of way up to the west line of section 16, including the premises in dispute, because it succeeded to the rights of the Milwaukee & Superior Railway Company after such company obtained a conveyance of a right of way for its railroad in said section 16, to the terminus thereof as the right of way was located, a track being then in place to and west of said section line, though the right of way was never surveyed to a point nearer such line than a point about 100 feet east of the same. It is well understood, we may safely say, that the location of a railway right of way, in a legal sense and in the sense the term is ordinarily used in railway parlance, is not accomplished by laying down a railway track, but by surveying and staking out the center line of the right of way for the purpose of building a railway track thereon and operating such track as required by sec. 1846, Stats. 1898. Respondent railway company's grantor never so established or located a right of way including the premises in question, so far as appears by anything in the record. From the circumstances that for the convenience of one of its customers it permitted such customer to extend, or itself extended, its track beyond the terminus fixed by the located right of way, and subsequently conveyed the road, so far as the right of way had been located, it does not necessarily follow that its grantee obtained title to the premises beyond the surveyed right of way. At the time the track east of the west line of section 16 and on the premises in dispute was removed there was certainly legitimate ground for the claim that no railway right of way had been located thereon, in a legal sense, or in the sense the term was used in the deed. In that view its president and general manager having seen fit to abandon the disputed

premises and done so, and its grantee, the respondent railway company, never having made any claim thereto, but submitted to the claim of *John Field,*—conceded to be the owner subject to such rights as such grantee may have therein—that it has no right of way over such premises, a third party circumstanced as plaintiff is cannot be heard successfully to claim to the contrary in order to enable him to enjoy a privilege dependent thereon. It seems quite clear that all parties interested in the title to the land in dispute prior to the claim of the appellant understood that the right of way conveyed to respondent railway company's grantor in section 16 did not extend to the west line of such section, and that with such view *John Field* was permitted to take and enjoy absolute possession of the premises as owner. Such parties having acquiesced in that construction of the conveyance, and it being a reasonable construction and one which was probably in the minds of the parties when the deed was made, the court cannot otherwise construe it to enable appellant to enjoy a privilege without which he will be a sufferer in respect to his business.

*By the Court.*—The judgment of the circuit court is affirmed.